ROCKAWAY PACIFIC CORPORATION, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

THE CITY OF NEW YORK, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, March 8, 1922.

Court of Claims — proceedings to determine compensation to be paid for land taken by State — stipulation that court may hear evidence and determine interest of respective claimants before hearing evidence of damages not improper — stipulation did not authorize entry of interlocutory judgment determining interest of parties — dismissal of claim of city of New York as to part of land erroneous — unauthorized interlocutory judgment did not render proceedings before court nugatory — city of New York should have been permitted to amend its claim and introduce further evidence — stipulations — city cannot arbitrarily withdraw from stipulations made by corporation counsel — judgment reversed and proceedings remitted.

In proceedings before the Court of Claims to fix the compensation to be awarded for land appropriated by the State, it was proper for the parties to stipulate that the court should first receive evidence as to the extent of the interest of

each of the parties and then adjourn for the purpose of enabling the court to pass upon and determine the question of title as between the parties, and thereafter hear evidence as to the damages sustained by the appropriation by the State.

But said stipulation did not authorize the court to render an intermediate or interlocutory judgment determining the interests of the respective parties in the land appropriated, and the parties, or any of them, have a right to insist that one judgment only shall be entered in the proceedings.

The said intermediate judgment in so far as it dismisses the entire claim of the city of New York was wrong for the reason that it was conceded that the city had title to a part of the land for which it claimed compensation.

The fact that the said intermediate judgment was improperly rendered does not have the effect of making the proceedings already had before the Court of Claims nugatory, but the case may be resumed at the point where it was suspended.

It was an abuse of discretion on the part of the court to refuse to permit the city of New York to amend its claim and to introduce further evidence for the purpose of showing that it had title to the entire appropriated area.

The stipulation entered into by the city of New York through its corporation counsel consenting that the conflicting claims of the parties be determined by the Court of Claims was clearly within the authority implied by sections 268-a and 281 of the Code of Civil Procedure and no reason was shown by the city why it should be relieved therefrom.

The city could not arbitrarily withdraw from the stipulations made by its corporation counsel relating to procedure and proof, for those stipulations were such as might have been ordinarily made in the course of litigation by attorneys representing private interests, and section 255 of the Greater New York charter expressly confers the same power on the corporation counsel.

*It seems*, however, that circumstances may exist which would justify the court in its discretion in relieving the city from such stipulations.

The judgment determining the interests of the respective parties should be reversed and the proceedings remitted to the Court of Claims to conclude the trial.

APPEAL by the defendant in the first entitled action, The State of New York, and by the claimant in the second entitled action, The City of New York, from an order and judgment of the Court of Claims, entered in the office of the clerk of said court on the 16th day of March, 1921.

*Charles D. Newton, Attorney-General [James Gibson, Deputy Attorney-General, and George L. Meade, Deputy Attorney-General, of counsel], for the appellant, The State of New York.*

*John P. O'Brien, Corporation Counsel [J. Bleecker Miller, Assistant Corporation Counsel, of counsel], for the appellant, The City of New York.*

*Gordon M. Buck [John D. Van Cott of counsel], for the respondent Rockaway Pacific Corporation.*

COCHRANE, P. J.:

Under chapters 13 and 130 of the Laws of 1917 (adding to State Law, art. 4-A) the State appropriated for purposes of public defense about 317 acres of land on Rockaway Point .or Peninsula. The land so appropriated consisted of approxi-

mately 170 acres above mean high water, about 142 acres between mean high and mean low water, and $5\frac{1}{2}$ acres below mean low water. The statutes above mentioned confer upon the Court of Claims jurisdiction to determine the amount of compensation to be paid for such lands. The Rockaway Pacific Corporation claims title to the entire appropriated area except that in its notice of claim as filed it expressly disclaimed ownership of the land below mean low-water mark. The City of New York in its claim as filed claims title to the 142 acres between mean high and low water and the $5\frac{1}{2}$ acres below mean low water. The State of New York claims title to a portion of the uplands. The parties stipulated that the several claims should be tried together by the Court of Claims and consented " to the determination by said court of all questions of title to the lands appropriated as between the State of New York, Rockaway Pacific Corporation and City of New York, and of all adverse and conflicting claims to the award therefor." The stipulation continues as follows: " That evidence as to title be first presented to the Court of Claims and after the Court of Claims has determined the extent of the interest of each party in and to the lands appropriated evidence of value be presented. That the Rockaway Pacific Corporation shall first offer its evidence of title, the State shall then offer its evidence and then the city of New York shall offer its evidence and in the same order rebuttal evidence may be offered. That an adjournment of the Court will then be taken for the purpose of enabling the Court to pass upon and determine the question of title as between the said parties. That at such a time as may thereafter be set by the Court evidence of damage shall be presented to the Court by the claimants or such of them as the Court may have determined has an interest in the lands appropriated." After the parties had completed their evidence on the question of title the court took that question under consideration and without receiving any evidence as to value made a decision embodying findings of fact and conclusions of law and entered a judgment determining that the Rockaway Pacific Corporation owns the entire appropriated area and is entitled to receive any award which may be made therefor and dismissing the claim of the City of New York. From this judgment the city and the State appeal.

The judgment is manifestly wrong in awarding ownership of the land under mean low water to the Rockaway Pacific Corporation and in dismissing the claim of the City of New York. The city concededly owns the lands under mean low water. As stated the Rockaway Pacific Corporation disclaimed such ownership in its notice of claim and has never deviated from such disclaimer.

The city contends that the judgment was premature and unauthorized; that the only authority of the Court of Claims is to award damages to one or more of the parties; that it cannot split up the litigation or determine the case piecemeal; that the entire controversy should be tried and determined and judgment entered for the amount of the award to which any party may be entitled; that the court does not possess statutory authority to determine one question in the case and enter what in effect is an interlocutory judgment indicative of such determination and then proceed with the determination of another question on which a judgment might be entered and so on indefinitely. It is urged in opposition that the Court of Claims has the same power to render an interlocutory judgment as the Supreme Court. Such power of the former court is not specifically sanctioned by any statute and it requires some liberality in construction to find in any statute such implied power. The power of the Supreme Court to order one or more issues to be separately tried is discretionary (Code Civ. Proc. § 973; Civil Practice Act, § 443) and assuming that such power exists in respect to a question of damages in a case similar to the present case it certainly would not be exercised without notice to the parties and an opportunity by them to be heard in opposition. The propriety of entering separate judgments in respect to issues separately tried is still another proposition. It is not now essential, however, to determine the power of the Court of Claims to render double judgments. To say the least such course is unusual and in this case quite unnecessary. The parties have by their stipulation clearly indicated the practice to be pursued. It is not subject to any just criticism. It was a wise and provident arrangement relating to the order of proof and for the convenience of all concerned, it provided for a disposition of the question as to the title of the property before considering the question of value. What was intended was an interruption of the trial after evidence as to title had been completed and after the Court of Claims had determined such question of title a resumption and completion of the trial before the same court for the purpose of receiving evidence as to value and without any intermediate or interlocutory judgment and that intent was clearly expressed in the stipulation. By it no innovation was introduced in the practice so far as concerned the entering of a judgment or an appeal therefrom. We think the parties or any of them under the stipulation and the circumstances in this case have a right to insist that there shall be but one judgment determining all questions involved in the controversy and that they shall not be required to conduct perchance two appeals in order to have the entire controversy reviewed. It is true the

judgment is final as to the city because its claim has been dismissed. If that were the end of the matter as to the city it might be said that the latter had no further interest except the right to appeal. But the claim of the city has been improperly dismissed as to the 5½ acres and, therefore, it is in a position to insist that the usual practice shall be followed and that it shall not be subjected to double judgments and perhaps double appeals. It does not follow, however, that the proceedings already had before the Court of Claims are nugatory. The trial of the case is still pending before that court to be resumed at the point where it was suspended.

There is another reason why this judgment should not stand. After the question of title had been submitted to the court and while the court had that question under consideration the city sought permission to amend its claim and introduce further oral and documentary evidence. The request was refused except that the city was permitted to introduce such documentary evidence as it desired. By the proposed amendment the city claims title to the entire appropriated area. This claim rests on the allegation that the westerly extremity of the point or peninsula a century ago was considerably to the east of where it now is; that Barren Island at that time extended southward so as to include what is now the appropriated area; that about the year 1830 the southern part of Barren Island was swept away and that Rockaway Point or Peninsula has since that time by a gradual process of accretion or by the violent shifting of sands extended westerly so as to include what was formerly the southerly part of Barren Island. It is true that this claim was made quite late in the progress of this litigation and it is urged that the city was negligent in not sooner advancing such theory. It seems to us, however, that the claims are of such magnitude and public character, affecting not only the interests of the city but perhaps other public interests as well, that more than ordinary latitude should be allowed in developing any evidence which may have a legitimate bearing on the ownership of the property. If the excluded evidence should prove valueless no harm will result to any one from its admission. If it should result in turning the decision in favor of any party its exclusion would be a grievous miscarriage of justice. It is not urged that the court had not the power to permit an amendment of the claim as requested by the city, and conceding the existence of such power we think the discretion of the court should have been exercised in favor of such amendment and the reception of any evidence relevant to the substantiation of such an amended claim. We are not unmindful that a similar contention in regard to the southern extension of Barren Island was litigated in the case of *Van Deventer* v. *Lott*

(172 Fed. Rep. 574; same case on appeal, 180 id. 378) and determined adversely to the contention of the city in the present litigation. In that case on appeal (180 Fed. Rep. 378) it was held among other things that no part of Rockaway Point was ever occupied by the upland of Barren Island. The court said: " In other words if a line were drawn east and west through the most southerly high water mark to which the Island ever extended it would be considerably to the north of the most northerly portion of the land in controversy." That case, however, was decided as a question of fact and is not binding on the city in this litigation and if the city can produce evidence in support of its contention not produced in the *Van Deventer* case it may be entitled to a different result. Although the court received the documentary evidence of the city on this branch of the case it excluded oral evidence and disallowed the proposed amendment to the city's claim and made no findings in respect thereto. It is quite clear that the court did not consider the evidence thus received or make any decision based thereon. This part of the case has not been decided or even fully tried. We think the city should be given an opportunity to develop its facts and should have a decision on all the facts thus developed.

The city sought relief from certain stipulations it has made. Reference has already been made to one such stipulation consenting that the conflicting claims be determined by the Court of Claims. Such stipulation was clearly within the authority implied by sections 268-a and 281 of the Code of Civil Procedure and no reason was shown by the city why it should be relieved therefrom. There are other stipulations, however, relating to procedure and proof which may have a bearing on the claim of title as made by the city. The city claims the right to arbitrarily withdraw from any stipulation so made by its corporation counsel. To this we do not assent. The stipulations were such as might have been ordinarily made in the course of litigation by attorneys representing private interests and section 255 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 602) expressly confers such power on the corporation counsel. It may be, however, that circumstances exist which would justify the court in its discretion in relieving the city from such stipulations. No formal motion to be thus relieved and no reasons for such relief were presented to the court. But the case is still on trial and it may not be too late to make such motion based on appropriate reasons therefor. If it should transpire that the stipulations were ill advised or that they do not speak the truth and that the corporation counsel in making the same was under a misapprehension it may

12

be that a proper case will be presented for the favorable consideration of the court. (See *Donovan* v. *Twist*, 119 App. Div. 734.) We are not intimating that such a motion should be granted. Neither are we at liberty to anticipate that it will not be granted. We have thus in a general way referred to the possibilities which may occur in the progress of the trial still pending before the Court of Claims, and it is manifest from what has been said that any discussion of the merits of the controversy at this time would be premature. We do not know what the condition of the record will be when the trial is concluded.

The judgment should be reversed, without costs, and the proceeding remitted to the Court of Claims to conclude the trial.

All concur.

Judgment reversed, without costs, and proceeding remitted to the Court of Claims to conclude the trial.