Rockaway Pacific Corporation, Claimant, *v.* The State of New York, Defendant.

Claim No. 15825.

The City of New York, Claimant, *v.* The State of New York, Defendant.

Claim No. 15810.

Court of Claims, November, 1922.

**Court of Claims — practice — proper procedure on hearing — number of judges — retrial after reversal — when no mistrial as to former hearing.**

Though under the statute governing the procedure in the Court of Claims one of the judges thereof is empowered to conduct a trial alone, section 12 of the Court of Claims Act declares that no determination or judgment of the court shall be rendered " except upon the concurrence of at least two of the judges of the court " and that " not more than three judges shall sit in any case." *Held,* that such procedure is broad enough to comply with the " due process of law " clause in article 1, section 6, of the Constitution of the state.

The trial of a claim for compensation for lands appropriated by the state at Rockaway Point was commenced and heard in part before the presiding judge of the Court of Claims and another judge of said court, who during the trial died, and another judge of the court took his place and heard the balance of the trial with the presiding judge, and joined with him in making findings of fact and conclusions of law, holding that the claimant was the owner of the property in question, that neither the city of New York nor the state of New York had any title to the property, and dismissed the claim of the city. Upon reversing the findings of the Court of Claims, the Appellate Division, holding *inter alia* that the claim of the city of New York had been improperly dismissed, that the refusal of the city's request to amend its claim on the trial was an improper exercise of judicial discretion, that the trial of the case was still pending before the Court of Claims, remitted the proceeding to the Court of Claims to conclude the trial. *Held,* that in view of the fact that the proceedings theretofore had were in conformity with the statute governing the Court of Claims and in view of certain language in the opinion of the Appellate Division, a motion for an order declaring that the trial theretofore had was a mistrial so far as the city of New York is concerned and ordering a new trial of the claim of the city before three judges of the Court of Claims, no one of whom has heretofore participated in the trial of the issues herein involved, will be denied, and the trial must proceed as directed by the order of the Appellate Division.

Claims for appropriation of lands.

*Gordon M. Buck,* for Rockaway Pacific Corporation.

*John P. O'Brien,* corporation counsel (*Willoughby B. Dobbs,* assistant corporation counsel, of counsel), for the City of New York.

*James Gibson,* deputy attorney-general, for the State of New York.

*Per Curiam.* The above-entitled claims set forth that the claimants therein mentioned are the owners in whole or in part of lands

heretofore taken and appropriated by the state of New York at Rockaway Point.

By agreement of the parties the claims were tried before this court conjointly, the evidence as to both claims being presented at the same trial.

The attorneys for the respective parties further stipulated that evidence as to title of the property in question should first be presented to this court and that after the court had determined the extent of the interest of each party in and to the lands appropriated then evidence of value should be presented.

The court proceeded with the trial of said claim under said stipulation. The presentation of evidence of title was concluded and the court made and filed findings of fact and conclusions of law, holding that the said Rockaway Pacific Corporation was the owner of the property in question, that neither the city of New York nor the state of New York had any title to said property, and dismissed the claim of the city of New York.

This trial was commenced and heard in part before Fred. M. Ackerson, presiding judge of this court, and Charles R. Paris, judge of this court. During the pendency of the trial Charles R. Paris died and William D. Cunningham, a judge of this court, took his place and heard the balance of the trial with Judge Ackerson and joined with him in the findings of fact and conclusions of law above mentioned. Judge Ackerson, therefore, sat in this case during the entire trial and has heard all the testimony given in the case by the parties herein.

The state of New York and the city of New York appealed from the decision of the court as set forth in its findings above mentioned.

The Appellate Division reversed the findings of this court, holding, among other things, that the claim of the city of New York has been improperly dismissed, that the refusal by the court of the city's request to amend its claim on the trial was an improper exercise of the court's discretion, that the trial of the case is still pending before this court and the proceeding was remitted to this court to conclude the trial. Said order of the Appellate Division having been duly entered and a date having been set by the court for continuing the trial herein in accordance with the mandate of the Appellate Division, now before any further evidence is taken in the case the city of New York through its corporation counsel makes a motion before this court for an order herein declaring that the trial heretofore had herein was a mistrial so far as the city of New York is concerned and ordering a new trial of the claim of the city of New York herein before three judges of this

court, no one of whom has heretofore participated in the trial of the issues herein involved, and for such other and further relief as the court may deem proper.

Said motion was heard by the court on the 23d day of October, 1922. The state of New York and the Rockaway Pacific Corporation both appeared by counsel and opposed the granting of the motion for a mistrial made by the city of New York.

The counsel for the city of New York bases his contention that there has been a mistrial in this case on the fact that Judges Paris and Cunningham, who participated with Judge Ackerson at different times in the trial of this case, have left the court — one by reason of death, the other having resigned. He cites as authority for this contention what he claims to be the practice in the Supreme Court under similar circumstances and the decision of the Court of Appeals in the case of *Smith* v. *State*, 214 N. Y. 140, which was a case decided by the former Board of Claims.

Neither citation is in point for the reason that under the statute governing the procedure in the Court of Claims one judge of this court is empowered to conduct a trial alone, hear testimony and arguments and take proof. Then at the conclusion of the trial he cannot make a determination or render judgment alone, but two or three judges must concur in the final determination. The last paragraph of section 113 of the Court of Claims Act reads as follows: " A session of the court may be conducted and testimony and proof taken and arguments heard thereat, by one or more judges to be designated by the presiding judge; but no determination or judgment of the court shall be rendered except upon the concurrence of at least two of the judges of the court. Not more than three judges shall sit in any case."

The presiding judge of this court heard the trial of this case from the beginning. The statute plainly says that only one judge is necessary for the purpose of actually hearing a case. That requirement of the statute has been met with here. This is the manner in which the legislature has provided that claims for compensation for property taken from the citizens by the state shall be heard. We think there can be no doubt about its sufficiency. We base this opinion upon what was held by the Court of Appeals in the case of *People ex rel. Jermain* v. *Thayer*, 63 N. Y. 348, 352. Earl, J., in writing the opinion in that case said: " Another objection is made, that on two days when evidence upon the claim was taken but one of the canal appraisers was present, and that the award was finally made by the other two appraisers, he dissenting. This objection does not go to the jurisdiction of the appraisers or validity of the award. There is no allegation that all the appraisers did

not consider all the evidence taken; and they certify that they made a personal examination of the premises alleged to be damaged as they were bound to under the law. (Laws of 1829, chap. 368.) There is no allegation that there was not sufficient evidence considered by all the appraisers to authorize the award. And the evidence thus taken may have been read before all the appraisers by counsel, and the irregularity, if one, may have been waived in some other way. But a complete answer to this objection is that there is no law requiring the evidence to be taken before all the appraisers or a majority of them. Section 3, of the act of 1870, provides that the board of canal appraisers ' shall provide a general rule for the taking of evidence when the witness shall not be examined orally before said board and for reducing to writing and preserving said evidence when taken.' Under this provision a rule could be made, and we must presume was made, authorizing evidence to be taken by one of the appraisers in the absence of the others." In the case before us we do not depend on any rule but upon the express provisions of the statute governing the practice in this court quoted above.

That this procedure is broad enough to comply with the due process of law clause in article I, section 6, of the Constitution, we have no doubt.

In view, therefore, of the fact that the proceedings heretofore had herein are in conformity with the statute governing this court; and in view of the following language in the opinion of the Appellate Division (*Rockaway Pacific Corporation* v. *State of New York*, 200 App. Div. 172, 176): " But the claim of the city has been improperly dismissed as to the $5\frac{1}{2}$ acres and, therefore, it is in a position to insist that the usual practice shall be followed and that it shall not be subjected to double judgments and perhaps double appeals. It does not follow, however, that the proceedings already had before the Court of Claims are nugatory. The trial of the case is still pending before that court to be resumed at the point where it was suspended. * * * The judgment should be reversed, without costs, and the proceeding remitted to the Court of Claims to conclude the trial," we are of the opinion that it is incumbent upon us to deny this motion and to continue the trial herein to its conclusion as the Appellate Division has directed.

The motion, therefore, made herein by the city of New York for an order declaring the proceedings heretofore had herein as a mistrial must be denied and the trial must proceed.

All concur; present, ACKERSON, P. J., CORWIN and WOOD, JJ.

Ordered accordingly.