Joseph Rice, Claimant, *v.* The State of New York, Defendant.
(Claim No. 23296.)

Court of Claims, March 26, 1937.

*Edwin F. Verrau* [*Albert Averbach* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler, Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. On July 31, 1931, at about eight-thirty o'clock P. M., claimant was driving an automobile on the State highway known as Oxford-McDonough highway, route No. 224, which was at the time being reconstructed by the State with the exception of a small portion thereof upon which work was being done under a special contract. He was driving in a southerly direction about in the center of that portion of the highway under construction by State employees, and when he reached the point of the accident his car struck, as he claims, dirt and stones piled along the shoulder of the road and upon the roadbed itself on the easterly side, causing his car to leave the road, to run off an embankment, down another side road, and into a field, where he was thrown out and injured. Notice of intention to file the claim was filed on September 29, 1931, and the claim itself was filed on March 1, 1933. The trial was had on September 11 and 12, 1933, at Utica, N. Y., before Judges OWEN L. POTTER and BERNARD RYAN. In December, 1933, Frank Keeler, stenographer at the trial, died, and his notes were transcribed by another stenographer employed for that purpose, which transcript

was filed in the office of the clerk of the Court of Claims on May 3, 1934, and claimant's attorney received a copy thereof about the same time.

On May 1, 1936, claimant's brief was filed and claimant's proposed findings of fact and conclusions of law were filed on May 7, 1936. On July 2, 1936, the State's papers were filed. Judge POTTER died on May 11, 1934. On July 5, 1934, a stipulation was made by the respective parties authorizing, on account of Judge POTTER's death, other members of the court to determine the claim. On October 7, 1936, a decision was made by Judge RYAN and Judge BARRETT dismissing the claim upon the grounds that the State was not negligent and that claimant was negligent. From the judgment entered thereon, claimant, on November 9, 1937, appealed to the Appellate Division of the Supreme Court, Third Department, which appeal is pending. Claimant now makes two motions for a new trial. The first motion is based upon the grounds of newly-discovered evidence. The Attorney-General moved for a denial of this motion upon the grounds that this court is without jurisdiction pending the appeal and that the newly-discovered evidence is merely cumulative of that produced at the trial. In the case of *Keister* v. *Rankin* (34 App. Div. 288) it was held that such a motion may be entertained after an appeal is taken and that while the new evidence may be cumulative a new trial may be granted, the court saying in substance that the proper inquiry is whether such evidence is likely to produce a different result on the new trial. The preliminary objections, therefore, must be overruled and the State's motions in that regard denied. That leaves the question as to whether the newly-discovered evidence is likely to produce a different result on the new trial. In support of the motion claimant submits four affidavits of alleged newly-discovered evidence. The first is that of Harry Heath, who in substance states that at the time of the accident he was employed by the State on the construction of the road, and on the morning after the accident he went to the place where the accident occurred, saw the automobile and at that time, which was about eight o'clock A. M., he saw men whose names he did not recall, throwing boulders off the shoulder of the road and a large pile of stones or dirt lying partly on the highway and partly on the shoulder thereof, and when he returned to the scene of the accident later in the day, the pile of stones or dirt had been removed. From the affidavit of Dennis Keeley it appears that he was employed by the State on the same highway; that he went to the scene of the accident in the morning after it occurred and saw a large pile of dirt or

stones extending into the highway about four or five feet at about the place where Heath saw it, and that he went away and when he came back the pile of stones and dirt had been removed. He also said that he did not recall that there were any signs along the highway north of the point where the automobile went over the embankment. From the affidavit of John C. Stott it appears that he drove over this highway practically every day during the summer of 1931 and that there were no signs showing that the road was under construction or that it was dangerous to traffic. From the affidavit of John Rice it appears that he is the brother of claimant, that on the morning after the accident he saw a man shoveling dirt off the road and onto the shoulder of the road and that he saw another place on the highway which looked darker and damper than the rest of the highway, indicating that a pile of dirt had been there extending about five feet into the roadway, that he saw about fifteen men working at that point on the highway on that morning, that he saw no warning signs to indicate that the road was under construction. He also states that on the night of the accident there were no red flare signs south of the point where the accident occurred. He admits in his affidavit that he was present at the trial but was not sworn as a witness. The pile of dirt and stones which is referred to in these affidavits was upon the east side of the highway or shoulder and apparently was at or near the scene of the accident. Whether this obstruction actually existed and whether there were signs indicating that the road was under construction and dangerous, were points sharply disputed at the trial. The newly-discovered evidence is, therefore, entirely cumulative. In the decision of this court it was found that the State was not negligent and that no such pile of dirt or stone existed at the place of the accident except the remains of a pile of sand on the east shoulder, which pile it was found did not interfere with traffic on the roadway. It was also found that the claimant was negligent in that he was driving on the wrong side of the highway, with an unobstructed roadway on his own side with a width of at least thirteen feet and that it was his careless and reckless driving which caused him to lose control of his car while driving on this highway with a gradual curve to the west and a two per cent grade to the south. The proposed evidence is, therefore, not of such a character as would be likely to produce a different result upon a new trial and this is particularly true as to the finding that claimant was driving in a careless and reckless manner and on the wrong side of the road. So far as the new witnesses, Stott and Rice are concerned, it appears from the affidavits of claimant's counsel that they were interviewed by

him at the former trial, and so far as the evidence of Heath and Keeley is concerned it does not appear that proper diligence was exercised in endeavoring to locate them. They were State employees engaged in the construction work on this highway and it would seem that in the exercise of due diligence their names could have been secured and the evidence presented.

As to the second motion, it was claimed that the death of Judge POTTER caused a mistrial. Section 13 of the Court of Claims Act provides: " A session of the court may be conducted and testimony and proof taken and arguments heard thereat, by one or more judges to be designated by the presiding judge; but no determination or judgment of the court shall be rendered except upon the concurrence of at least two of the judges of the court. Not more than three judges shall sit in any case." In the case of *Rockaway Pacific Corp.* v. *State* (119 Misc. 550) it was held that there was not a mistrial where two judges who participated with the presiding judge had left the court, one by reason of death and the other by resignation. In this connection it is claimed that there is no statutory provision in the Court of Claims Act providing how the bill of exceptions can be signed upon the death of the trial judge. As before stated, Judge RYAN heard this case with Judge POTTER, and I think it is sufficient answer to this contention to say that under section 31 of the Court of Claims Act it is provided that the case may be settled by any judge of the court. The cases cited in claimant's brief on this point, therefore, are not applicable.

The practice in the Court of Claims, unless otherwise provided for, is the same as in the Supreme Court. (Ct. Claims Act, § 14.)

Under section 445 of the Civil Practice Act, exceptions are deemed to have been taken and no bill of exceptions is necessary. But in any event, whether necessary or not, the provisions of said section 31 of the Court of Claims Act are broad enough to authorize the signature thereto by any judge of the court. In the case of *Moran* v. *Rainbow Appliance Corp.* (225 App. Div. 587) it is said in the opinion of the court: " A bill of exceptions is the traditional form of record upon which to review questions of law alone. Where questions of fact either alone or coupled with questions of law are to be reviewed, the appropriate form of record is a case." The questions to be reviewed here are almost entirely questions of fact and the proper form of the record, therefore, is a case. In this connection reference is made again to the fact that the appeal was from the judgment of the Court of Claims. (See Ct. Claims Act, § 30.)

The next contention is that Judge BARRETT was without authority to sign the decision without proper authentication and certification of the transcription of the minutes, and that as a matter of fact there are errors in the transcript of the testimony. It is possible that some errors were made in the transcript of the testimony as it is a well-known fact that it is extremely difficult for one stenographer to transcribe the notes of another stenographer. But whatever errors there are in that regard can be corrected from his own notes by Judge RYAN who sat in the case when the case is presented to him for settlement.

Rule 223 of the Rules of Civil Practice provides: " On a motion for a new trial, notes of the stenographer, taken at the trial, when written out at length, may, in the discretion of the judge, be treated as his minutes on the trial."

Where the stenographer who took the notes of the trial died before the same were transcribed, they may be transcribed by another stenographer who used the same system. (*P. I. United States* v. *Choa Tong*, 1912, 22 Philippine, 562.) The stenographer who transcribed the minutes has attached thereto a proper certificate. As authorized by section 31 of the Court of Claims Act, the time of claimant for serving a case is hereby extended to May 10, 1937, and an order may be submitted denying said motions and ordering that the case be settled before Hon. BERNARD RYAN, judge of the Court of Claims, on or before April 15, 1937, upon five days' notice thereof by either party.

RYAN, J., concurs.