SOLKAT REALTY CORPORATION, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24578.)

Court of Claims, July 22, 1940.

*Greene & Greene* [*Joseph E. Rizzo* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler, Assistant Attorney-General,* of counsel], for the State of New York.

*John W. Walrath,* for the Syracuse Grade Crossing Commission.

*Hiscock, Cowie, Bruce & Lee,* for the New York Central Railroad Company.

*MacKenzie, Smith & Michell* [*Lewis P. Smith, Jr.,* of counsel], for the Delaware, Lackawanna & Western Railroad Company.

RYAN, J.  Claim was filed pursuant to section 9 of chapter 825 of the Laws of 1928.  In our decision after the trial, we found that as a result of the elimination of the railroad grade crossing on South Geddes street in the city of Syracuse, claimant's property, abutting on said street, to which claimant had established ownership, had been damaged in the sum of $13,500.  We also found, likewise as the result of the said elimination, that another parcel of property had been damaged in the amount of $4,500.  This second parcel of land lies in the rear of the first parcel and has no access to South Geddes street except over the lands described in the first parcel.

Claimant claims title to the second parcel by quitclaim deed dated February 5, 1919 and recorded March 18, 1919 and, in addition, by adverse possession.  There is on record a deed dated August 12, 1858, whereby this same parcel was conveyed to the

Syracuse-Binghamton and New York Railroad Company, which corporation has not since that time transferred any portion thereof.

In our decision we found, as conclusions of law, that claimant was entitled to recover $13,500 with interest because of the damage to the first parcel and $4,500 with interest because of the damage to the second parcel. In our opinion, we suggested that if the claimant was unable to establish its title to the second parcel, and its right to the award therefor, to the satisfaction of the State's title bureau, resort might be had to the provisions of section 22 of the Court of Claims Act under which application may be made for a direction that the comptroller deposit the amount awarded, the same to be paid and distributed as the Supreme Court may order. (172 Misc. 981.) This suggestion was taken rather literally by the title bureau which certified to the clerk of this court its approval of title "subject to the direction to the comptroller of the State of New York to deposit the amount awarded as compensation for the property appropriated in any bank in which moneys belonging to the fund from which such compensation is payable may be deposited, to the account of such award pursuant to section 22 of the Court of Claims Act." Accordingly judgment was entered directing the comptroller to deposit the whole sum awarded, *i. e.*, the total of both awards including interest.

Upon motion duly made, this judgment was later vacated and at present there is of record no judgment based upon our decision in this case. All parties interested are desirous of having the intended appeal in this case heard and determined at the earliest possible date. As stated, claimant maintains that it is the owner of the rear parcel. The Syracuse-Binghamton and New York Railroad Company maintains that it is the owner of the rear parcel and that, if our award for damage thereto is upheld by the higher courts, it is entitled to collect the amount thereof. The Attorney-General and the New York Central Railroad Company, while disputing the legality of any award, both maintain that if the State must respond in damages only the claimant herein may recover. They assert first, that the rear parcel under any ownership other than that of the Solkat Realty Corporation, has no easements in South Geddes street and, therefore, has not been damaged, and secondly, that the Syracuse-Binghamton and New York Railroad Company has filed no claim in this court and that we have no jurisdiction to make an award to it. They say, moreover, that the Syracuse-Binghamton and New York Railroad Company is a party to this proceeding only by virtue of the authority of the last sentence of section 9 of chapter 825 of the Laws of 1928, which recites: "Upon the hearing, trial or review of any claim filed

pursuant to this act, the railroad corporation or corporations and the county shall be given notice of such claim by the Attorney-General and shall have the right to appear as a party."

The matter comes again before us upon a motion, duly made, asking for an order dispensing with the approval and certification of title by the Attorney-General of the claimant's lands herein adjudged to have been damaged, and directing the clerk of the Court of Claims to enter judgment in the sum of $13,500 and $4,500, each with interest thereon, etc., in favor of this claimant. The Syracuse-Binghamton and New York Railroad Company objects to the granting of the relief sought and specifically to the waiving of certification of title and any direction which would allow the claimant to enter judgment for $4,500.

It seems that this court may determine issues of title where there is disputed ownership of lands only if the interested parties shall consent to such action. (Ct. Claims Act, § 22; *Rockaway Pacific Corp.* v. *State*, 200 App. Div. 172; *Smith* v. *State*, 118 Misc. 610; *Parkval Realty Corp.* v. *State*, 158 id. 574.)

The first words of section 22 of the Court of Claims Act apparently limit its application to lands appropriated by the State. This claim is not one for lands appropriated. Rather, it demands compensation for damage to real property caused by the change of street grade attendant upon a railroad grade crossing elimination. But this was, in effect, an appropriation of claimant's private easements of access and actually we have made a finding as follows:

" That the construction of the underpass has permanently impaired and *appropriated* the claimant's private easements of access appurtenant to its premises, thereby greatly depreciating the value thereof."

Rule 28 of the Rules of the Court of Claims, reads in part as follows: Unless otherwise ordered by the court, or a judge thereof, the judgment in appropriation claims and claims for damages to real property caused by the State as the case may be shall not be entered until the Attorney-General files in the clerk's office at Albany his written approval of title to the property appropriated or damaged by the State including his direction as to the claimant or claimants in whose name the judgment should be entered." This rule applies whether or not this claim is considered in the nature of an appropriation or in the nature of damages to real property. It is for an order dispensing with this rule that the instant motion is made.

We believe that this court, or a judge thereof, has power to grant this motion in his discretion and in this instance we believe the motion should be granted in the interests of justice. At the time

of the trial we were under the impression, hereinabove referred to, that the court had no jurisdiction to make a determination of title between the claimant and the railroad and so stated in open court. It may be that this statement caused the attorneys for the Syracuse-Binghamton and New York Railroad Company to refrain from offering all the proof available to them which they may have desired to submit in refutation of the claim of adverse possession. In other words, we feel that that issue was not fully tried out.

However, we do not see how the railroad corporation can be harmed by the granting of this motion. If our decision is reversed upon appeal and the reversal is sustained by the Court of Appeals, the question as to whether the claimant or the Syracuse-Binghamton and New York Railroad Company is entitled to the award becomes academic. On the other hand, if our decision is sustained by the higher courts, we believe that there are statutory provisions and regulations of the comptroller's office ample to protect the Syracuse-Binghamton and New York Railroad Company in the circumstances and likewise to protect the Attorney-General and the New York Central Railroad Company against the possibility of an erroneous payment of the judgment.

We would like to express the hope that the appellate courts, in reviewing our decision, will review the determination of this motion and will likewise give an answer to the following questions, viz.:

1. Does section 22 of the Court of Claims Act apply only where there is a formal appropriation of lands by the State?

2. Has the Court of Claims any jurisdiction to determine title as between conflicting interests without the consent of the parties concerned?

Submit an order directing that the approval and certification by the Attorney-General of title to the claimant's respective parcels of land described in the findings be dispensed with.