Carmelo Buda, Appellant, *v.* State of New York, Respondent. (Claim No. 28688.)

Third Department, June 29, 1951.

*Albert Averbach* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Henry S. Manley* of counsel), for respondent.

Coon, J. The claim is for damages resulting from flooded land allegedly caused by the negligence of the State. The claim was tried in 1948 before Hon. EMANUEL GREENBERG, a former Judge of the Court of Claims, who vacated his office as a Judge of the Court of Claims on November 21, 1949, leaving this claim undecided. Thereafter the Attorney-General and the attorneys of record for the claimant entered into a written stipulation that the claim be submitted for decision, and that decision might be rendered by any Judge of the Court of Claims, " and that the evidence, exhibits, briefs and requests to find are hereby submitted to such other Judge or Judges for such decision with the same force and effect as in the submission of the same to the aforesaid Judge."

Thereafter the Presiding Judge of the Court of Claims made an order that the claim should be determined by any Judge of the Court of Claims, and in due course the record was submitted to Hon. GEORGE SYLVESTER, a Judge of the Court of Claims, who rendered a decision therein dismissing the claim on the merits. (*Buda* v. *State of New York,* 198 Misc. 165.)

The sole question presented by these appeals is whether, under the circumstances presented here, a valid and legal decision could be rendered by Judge SYLVESTER, who was not present at the trial of the case, and before whom none of the testimony was actually taken.

We deem the statement of counsel for appellant contained in the record and in appellant's brief an abandonment of the appeal from the judgment in all other respects, and, therefore, accept the shortened record as adequate for the determination of the single question involved.

From 1915 to 1939 the statute permitted one Judge of the Court of Claims to conduct a session of the court, but required at least two Judges of the court to concur in a determina-

tion or judgment. (Court of Claims Act, former § 13.) Thus, by compulsion and without stipulation, one Judge might participate in a decision who did not hear the evidence or see the witnesses. This procedure was held constitutional. (*Rockaway Pacific Corp.* v. *State of New York,* 119 Misc. 550, affd. 206 App. Div. 642.)

The record discloses that in the last eleven years, due to the death or retirement of the Judge who heard the trial, sixty-seven cases have been decided in the Court of Claims by a Judge who was not present at the trial. True, such practice confers no legality to the procedure, if, in fact, it was illegal, but it is significant that neither the legal profession nor the courts deemed the practice questionable. At least one such case has passed through appellate courts. (*Kaplan* v. *State of New York,* 198 Misc. 62, affd. 277 App. Div. 1065, motion for leave to appeal denied 302 N. Y. 949.)

There are instances where parties have been compelled to submit to a decision by a Judge who did not hear the evidence. A Surrogate is empowered to complete any unfinished business pending before his predecessor. (Surrogate's Court Act, § 20, subd. 8.) Such procedure has been held constitutional. (*Matter of Carey,* 24 App. Div. 531.) If parties may be constitutionally compelled to accept a decision by a Judge who did not hear the evidence, *a fortiori* they may stipulate to do so.

It is not always essential to the validity of a decision or judgment that witnesses be heard by the tribunal rendering the decision. References may be had to take testimony and report by consent, or, in some instances, by compulsion; depositions may be taken elsewhere and submitted to the court (Civ. Prac. Act, §§ 298, 303, 305); parties may submit a controversy upon stipulated facts (Civ. Prac. Act, § 546); an appellate court can make findings of fact upon a printed record; it is common practice to stipulate into evidence the record of a previous trial, or to stipulate as to the existence of facts, or to stipulate that a witness would testify to certain facts if called.

The parties here did not stipulate jurisdiction upon a tribunal or Judge having none, but in legal effect did nothing more than stipulate the evidence to be considered by a court having full jurisdiction of the subject matter. With the exception of jurisdiction and matters offending sound public policy, the power of parties to stipulate in a civil action is practically unlimited. Parties may stipulate away statutory or even constitutional rights. (*Matter of New York, Lackawanna & West-*

*ern R. R. Co.,* 98 N. Y. 447.) There the court said, at page 453: " Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts." This case has been cited with approval throughout the years, and has been cited and the principle reiterated by the Court of Appeals as late as 1949. (*Pines* v. *Beck,* 300 N. Y. 181.)

Appellant contends that the procedure followed here was contrary to public policy, and relies principally on section 20 of article VI of the State Constitution, section 21 of the Judiciary Law, and the case of *Smith* v. *State of New York* (214 N. Y. 140). The indicated section of the Constitution provides: " The testimony in equity cases shall be taken in like manner as in cases at law ". On its face this provision is applicable only to equity cases, and not to the trial of claims in the Court of Claims. Section 21 of the Judiciary Law has been generally considered to refer to oral arguments in appellate courts, and does not relate to the stipulation of evidence. In *Smith* v. *State of New York* (*supra*) the court first held that the judgment was improper because the findings were not signed and were improperly initialed. Then, in holding that a Judge who had not heard the case should not participate in the decision, the court indicated that it might have held otherwise had there been a rule of the trial court which permitted such procedure. There is nothing in this case to suggest that the parties might not stipulate to the submission of the record to a Judge who did not hear the case. *Smith* v. *State of New York* (*supra*) has not been considered as controlling in the Court of Claims under the circumstances present here. (*Rockaway Pacific Corp.* v. *State of New York, supra; Rice* v. *State of New York,* 162 Misc. 383.) The procedure followed here is not against public policy, and no great public interest is involved or affected by the manner

in which parties elect to submit their controversies to a tribunal having jurisdiction.

The cases cited by the appellant, where the parties have stipulated that a Judge out of office might decide a case, are readily distinguishable. That is an attempt to stipulate jurisdiction upon one clothed with no legal jurisdiction whatever. Neither is the instant case analogous to cases where the Judge is disqualified because of consanguinity or interest. In those cases the statute is mandatory that such a Judge shall not hear or determine the case, and, it is, of course, against the public policy and would adversely affect public respect for courts for the parties to stipulate to a decision by a partisan, who is actually disqualified by law because of personal interest. Judge SYLVESTER was under no disqualification in that sense.

The contention of appellant that the letter from the Clerk of the Court of Claims to the attorneys for the claimant accompanying the stipulation indicated that the claimant's attorneys were ordered by the Presiding Judge to sign the stipulation, is wholly without merit. There is no element of compulsion here, and we are not so naïve as to accept the suggestion that the attorneys for the claimant signed the stipulation with any such understanding.

The judgment and order appealed from should be affirmed, without costs.

FOSTER, P. J., BREWSTER, DEYO and BERGAN, JJ., concur.

Judgment and order appealed from affirmed, without costs.