■ In the Matter of the Claim of REGINALD STEELE, Respondent, against EARL S. WILLIAMS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. The question presented upon this appeal is whether the claimant was an employee of the appellant or whether he was an independent contractor. The claimant was a journeyman painter who worked at an hourly rate for various painting contractors and, when he was not engaged by painting contractors, he did painting and carpentry work for the appellant, who operated a dairy farm. The appellant furnished all the tools and the materials and paid the claimant $1.50 per hour for his work. On October 25, 1952, while the claimant was painting the roof of the appellant's farmhouse he fell from a ladder and sustained accidental injuries. The appellant kept a record of payments made to the claimant in a separate payroll book which was intended to be submitted to the workmen's compensation insurance carrier, together with a payroll book of appellant's farm employees, as the basis of a payroll audit. The board's finding that the claimant was an employee rather than an independent contractor was amply supported by the evidence. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ ANTONIO G. WALDO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29725.) — Appeal from an order of the Court of Claims, which denied appellant's motion to amend his claim. Notice of intention was filed on July 30, 1947, and the claim was filed on March 28, 1949, alleging negligence on the part of the State in flooding lands of the claimant causing damage to crops. Claimant is the owner of muck lands near Oneida Lake which were formerly swamp lands which have been reclaimed for agricultural purposes by means of drainage ditches. The claim alleges that heavy rains fell in the vicinity of Cowaselon Creek, which flows into Oneida Lake, on May 21 and June 2, 1947. At the time the State was engaged in reconstructing an aqueduct which carried the waters of Cowaselon Creek over the old Erie Canal, and in connection therewith had erected a cofferdam to the west of the creek to hold canal waters from the construction work. The gravamen of the claim is that this construction project diverted water into Cowaselon Creek causing it to overflow and flood claimant's land. Prior to trial claimant served a notice of motion, and at the opening of the trial, moved to amend the claim. The proposed amendment alleges in substance that by the construction of a dam in the Oneida River at Caughdenoy in Oswego County; by the closing of Hart's Raceway at Caughdenoy; by the construction of the Barge Canal and the improper operation thereof, the State had caused the waters of Oneida Lake to back up, thereby flooding claimant's land. The Court of Claims has held that such an amendment would " substantially change the claim now before the Court, both in substance and theory, and set forth a new claim, the filing of which is now prohibited by the limitations contained in Section 10 of the Court of Claims Act." We think the court was clearly correct in so ruling. The proposed amendment is in no sense an amplification of the claim now on file. It alleges entirely different and unrelated acts of negligence, at different geographical locations, and an entirely new and different theory of the flooding. Claimants alleging substantially the same acts and theory as the claim herein have been unsuccessful after trial. (*Buda* v. *State of New York*, 198 Misc. 165, affd. 278 App. Div. 424, motion for leave to appeal denied 303 N. Y. 1011; *Tornatore* v. *State of New York* [Claim No. 29761].) It is quite apparent that the proposed amendment not only alleges a new and different cause of action, but that it was intended to do so. Order unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.