DOROTHY A. MICHEL, Respondent, *v.* HAROLD L. MICHEL, Appellant.

Fourth Department, February 20, 1969.

314

*Charles E. Kaiser* for appellant.

*Lamb, Webster, Walz, Telesca & Donovan (Francis X. Donovan* and *Troward G. Wells* of counsel), for respondent.

GOLDMAN, P. J. Appellant appeals from a Family Court order requiring him to pay his estranged wife $1,250 for arrearages and $175 per month thereafter. The initiating State in this support proceeding was West Virginia and the papers were forwarded to Monroe County in this State under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A). Testimony was taken before one Judge on two days, two witnesses testified and the court declared the hearing closed, subject to the right of appellant to examine respondent's attorney at a later date and for the receipt of interrogatories from the initiating State. Six months later the attorneys appeared before a second Judge who heard the testimony of the attorney, received an answer to the interrogatories and at the close of hearing immediately rendered her decision which is embodied in the order on appeal.

Appellant urges several grounds for reversal, but only one requires our consideration. He contends that this unusual procedure of splitting up the hearings between two Judges, without stipulation or discussion, and without any apparent necessity therefor, is a violation of section 21 of the Judiciary Law and renders the order made by the second Judge a nullity. We

agree with appellant. The entire testimony of appellant and his witness relating to his earnings and financial condition, the facts surrounding his separation and the execution of the separation agreement, all the evidence crucial to his defense, and for that matter to the entire case, were heard by the first Judge. Although the second Judge may have read this testimony, she heard but one witness, the attorney who prepared the separation agreement, and thereupon made her determination. On the question of the retroactivity of the support payments which the second Judge ordered, she stated she did so in reliance on a statement of the first Judge who stated '' that this could be retroactive ''. No independent judgment or discretion was exercised by the second Judge on the question of retroactivity.

Section 21 of the Judiciary Law provides that, except in appellate courts, a judge '' shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge ''. Respondent urges that the prohibition of section 21 does not apply where testimony has been taken and implies that the section applies only to motion practice. In support of this argument respondent cites *Buda* v. *State of New York* (278 App. Div. 424, 427). We do not find that helpful to respondent, for *Buda* involved a written stipulation by the parties that the claim and entire record be submitted for determination to another Judge of the Court of Claims because the Judge who presided at the trial had vacated his office before rendering a decision. In our view, the proper construction of section 21 is exemplified by *Matter of Fellows* (25 A D 2d 865), a Family Court decision, in which the court held that the participation by two Judges on separate hearings in a custody proceeding made the order of the second Judge '' jurisdictionally improper ''.

Even in a case on appeal where the presiding Trial Judge had died after rendering a decision, and where both litigants agreed as to an error in the record, the appellate court, in construing section 21, nevertheless reversed the judgment and ordered a new trial unless the parties stipulated to submit the record to another Trial Judge to correct the error (*Evans* v. *State of New York,* 29 A D 2d 611). In *People* v. *Hooper* (22 A D 2d 1006), this court held that it was error for one Judge to preside at a hearing on a writ of error *coram nobis* and a second Judge to make the decision, even though in the interim the first Judge had retired from office. Respondent concedes the applicability of section 21 to motion practice. The jurisdictional policy of requiring the Judge to hear the argument

of a motion to qualify him to make the order would certainly seem a fortiori to apply to the hearing of evidence. We cannot agree with respondent that the failure to object to the procedure followed in the instant case amounted to a waiver which precludes the raising of the question upon appeal. The right to have a decision made by the Trial Judge who presided over the entire matter is so basic and fundamental that it is not waived by the failure of counsel to object at the time of the hearing.

Even though we bottom our determination on section 21 of the Judiciary Law, there is another error which would require reversal and which we are constrained to point out so that it will not be repeated on the new hearing. The detailed procedure outlined in the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) was not followed. Subdivision 6 of section 37 of the Domestic Relations Law provides that if, as in the case before us, " the respondent [as distinguished from petitioner] controverts the petition and enters a verified denial of any of the material allegations thereof, the judge presiding at such hearing shall stay the proceedings and transmit to the judge of the court in the initiating state a transcript of the clerk's minutes showing the denials entered by the respondent ''. It further provides in subdivision 7 that " Upon receipt * * * in the initiating state of such transcript, such court shall take such proof, including the testimony of the petitioner and the petitioner's witnesses * * * and * * * the court shall make its recommendation * * * and shall transmit to the court in the responding state a certified transcript of such proof and evidence and of its proceedings and recommendation in connection therewith ''. Once this is done, the court in the responding State " shall resume its hearing in the proceeding and shall give the respondent a reasonable opportunity to appear and reply '' (subd. 8). The section outlines with great specificity the steps which must be followed and which were in large part ignored in the instant proceedings. The petitioner's testimony was taken in June, 1966, whereas the appellant's testimonial denials were not made until March, 1967. The recommendation of the initiating court was made solely on the separation agreement and the testimony of petitioner. This was a clear violation of the statutory mandate that the recommendation " shall be based on all such proof and evidence '', which, of course, must include appellant's sworn testimony (see *Nadiak* v. *Nadiak*, 19 A D 2d 943).

Because of the errors above, we have not considered the proof dealing with the financial condition of the parties or any of the other evidence as to the reasonableness of the disposition made

by the court as to the monetary provisions of its order. The order should be reversed and a new hearing had which should comply fully with the Judiciary Law and the Domestic Relations Law.

WITMER, GABRIELLI, MOULE and BASTOW, JJ., concur.

Order unanimously reversed on the law, without costs, and matter remitted to Family Court for a new hearing in accordance with the opinion by GOLDMAN, P. J.