Jack Rosenberg, J.
On this application to reargue the decision and order of this court dated March 15, 1976, or in the alternative, requesting a referral of the entire proceeding *204 to Judge Mary Johnson Lowe, the defendant contends that the Grand Jury minutes should have properly been submitted before Judge Lowe, pursuant to her directive to an Assistant District Attorney on June 10, 1975. Instead the minutes were received by this court while presiding in Part XII on or about March 15, 1976. Part XII is designated by administrative directive for the return and determination of all criminal pretrial motions relating to all criminal terms of Bronx County by the Judge then presiding on the return date of such motions.
This court read the Grand Jury minutes and issued an order on March 15, 1976 denying dismissal of the indictment and finding the evidence adduced before the Grand Jury legally sufficient to support an indictment under CPL 190.65.
Defendant argues under section 21 of the Judiciary Law, that this court, as a trial court, had no jurisdiction to decide a motion to inspect the minutes and dismiss the indictment where another Judge (Judge Lowe) had already held a hearing on the issue.
Section 21 of the Judiciary Law provides: "A judge other than a judge of the court of appeals, or the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge.”
It has also been said, with regard to section 21 that "[t]he right to have a decision made by the Trial Judge who presided over the entire matter is so basic and fundamental that it is not waived by the failure of counsel to object at the time of the hearing.” (Michel v Michel, 31 AD2d 313, 316.)
However, this court finds the arguments addressed to section 21 inapplicable here. The record discloses that no formal motion was made or hearing held before Judge Lowe. Rather, a conference took place, off the record, for plea bargaining purposes, in the robing room, without the defendant being present in court, at which time Judge Lowe, informally, directed the Assistant District Attorney to submit the Grand Jury minutes to her. This conference occurred on June 10, 1975 when Judge Lowe was sitting in Part XII. Under CPL 210.30, pretrial motions to inspect and dismiss must be made formally on papers and within 45 days of arraignment. Since this requirement was not met at the June 10 conference, nothing was before Judge Lowe that could have resulted in any interference by this court with her jurisdiction.
*205 It is factual that when the Grand Jury minutes were submitted to this court in March, 1976, there was the same lack of formal motion papers. If it is claimed that this court’s order of March 15, 1976 is defective because of the absence of formal motion papers, such defect has been cured, in this court’s opinion, by the defendant’s submission of an order to show cause for reargument, which was granted on June 24, 1976, and by the subsequent order of this court granting reargument and directing the submission of memoranda of law.
Further, the motion to reargue was defective, having been made some two and one-half months subsequent to the March 15, 1976 order and was only entertained in the interests of justice.
[Further material omitted from publication.]