513 P.2d 695

**Hubert B. SPEARS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Fred Harvey, Inc., Respondent Employer,**

**Continental Casualty Company, Respondent Carrier.**

**No. 1 CA–IC 805.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 6, 1973.

Hubert B. Spears, in pro. per.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, Chandler, Tullar, Udall & Richmond by William J. Augustine, Tucson, for respondents employer and carrier.

OPINION

EUBANK, Presiding Judge.

We issued our writ of certiorari to review the findings and award of the Industrial Commission which rejected petitioner's claim that he suffered a permanent disability as a result of his industrial injury.

Petitioner was employed as a service station attendant by the respondent employer when he suffered an injury to his rib cage on October 3, 1970, while operating a tire changer in the course and scope of his employment. Petitioner filed a claim with the Industrial Commission on October 13, 1970, for benefits due to this accident, which was accepted. When temporary compensation and medical benefits were terminated on May 17, 1971, petitioner requested and was granted a hearing. Following several hearings the Industrial

Commission awarded the petitioner temporary benefits up to May 17, 1971, for the rib injury, which became stationary as of that date; however, it found no permanent physical disability resulting from the injury in question.

Petitioner contends that the Industrial Commission erred by not granting permanent benefits with respect to a shoulder and arm condition which he alleges was causally connected to the October 3, 1970 injury. Although petitioner initially received medical treatment solely for his broken ribs, several weeks after the accident petitioner complained of shoulder pain and the loss of use of his right arm. This complaint came on gradually after the original injury. X-rays showed that the petitioner's right clavicle had a healed fracture with a narrowing of the acromio-clavicular joint with sclerosis of the joint margins. Petitioner contends that either this fracture itself or an aggravation of the healed fracture was caused by the October 3, 1970 accident.

Three doctors testified at the Industrial Commission hearings. Dr. Robert Montgomery, who first examined the petitioner on May 6, 1971, was unable to testify to a reasonable degree of medical certainty that petitioner's arm and shoulder complaints were related to the October 3, 1970 injury since his examination occurred at such a late date. Likewise, Dr. Albert J. Rice, who first examined the petitioner on May 10, 1971, was unable to determine if the old clavical fracture which his X-rays showed to be totally healed was caused by the injury in question. As to possible aggravation, Dr. Rice testified as follows:

"Q. Assume, Doctor, that he had this, Mr. Spears had an old fracture existing, say, two or three years prior to October 3rd, the date of the accident, could the accident which he described to you have aggravated the muscle or nerve condition which you have described?

A. I don't think so."

Finally Dr. Robert J. Haley, Jr., who was the attending physician immediately after the injury in question, testified that the fracture of the right clavical could not have been caused by the October 3, 1970, injury. He found that it had to be a much older fracture since it could not possibly have healed to the degree shown by his X-rays in such a short time. Nor was Dr. Haley, Jr. able to testify to a reasonable degree of medical certainty that the shoulder ailments petitioner complained of were caused or aggravated by the accident in question. Further, in reference to a report by other treating physicians, Dr. Haley, Jr. testified:

"Q Doctor Bishop and Doctor Daley and Doctor White stated in the report, and we quote: 'We therefore feel his complaints are functional in character and not attributable to the injury in question, and we therefore consider his condition stationary and he should be discharged without permanent physical impairment as a result of the injury.' Do you concur with that statement?

A I do."

In light of the law that the burden of proof of each element of the claim is upon the petitioner, Bedwell v. Industrial Commission, 104 Ariz. 443, 454 P.2d 985 (1969); that the physical condition of the injured employee and the causal relationship of the accident to such condition can only be determined by expert medical evidence if the result of the accident is not one that is clearly apparent to the layman, Wheeler v. Industrial Commission, 94 Ariz. 199, 382 P.2d 675 (1963); and that we must consider all evidence in the light most favorable to sustaining the findings of the Commission if reasonably supported by the evidence, Micucci v. Industrial Commission, 108 Ariz. 194, 494 P.2d 1324 (1972); it is clear that the Industrial Commission did not err in finding that the injury in question was not causally related to the October 3, 1970, accident.

Award is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.