532 P.2d 549

**Jacob KOVAL, Deceased, and Helen Koval, surviving spouse, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**M. M. Sundt Construction Co., Respondent Employer,**

**Employers Mutual Liability Insurance Co. of Wisconsin, Respondent Carrier.**

**No. 1 CA–IC 1079.**

Court of Appeals of Arizona,
Division 1,
Department C.
March 11, 1975.

Rehearing Denied April 2, 1975.
Review Denied April 29, 1975.

Lawrence Ollason, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Phoenix, for respondent employer and respondent carrier.

## OPINION

NELSON, Presiding Judge.

Jacob Koval (Koval), now deceased, claimed to have suffered a back injury while working as a plumber on a job site of M. M. Sundt Construction Company (Sundt). The respondent insurance carrier issued a Notice of Claim Status denying compensation. A hearing was requested and held. As a result of that hearing a Decision upon Hearing and Findings and Award for Non-Compensable Claim was entered on August 28, 1973. The decision was amended on August 30, 1973, and on October 15, 1973, following a petition for review, the decision was affirmed. This appeal followed. We affirm the award.

Koval had a history of back problems prior to this alleged injury. On February 15, 1973, Koval notified his field supervi-

sor at Sundt, Mr. Robert T. Rothrock (Rothrock), for the first time that he had hurt his back on February 2, 1973, and couldn't come to work. Koval asked Rothrock to report the injury as of February 2, 1973. Rothrock conducted an investigation on the job site and was unable to confirm that Koval had been injured on February 2, 1973, or at all while on the job for Sundt. Koval had worked steadily from the date of the alleged injury until the call on the morning of February 15. No fellow employees could corroborate any indications or complaints of injury between February 2, 1973 and February 15, 1973, or otherwise.

The only medical testimony at the hearing came from Dr. John T. Clymer, a psychiatrist, whom Koval apparently consulted due to a state of depression over personal problems. Dr. Clymer related the histroy of the back injury given to him by Koval. Dr. Clymer, of course, did not examine Koval's back. The only other medical evidence in the file was the physician's initial report filed by Dr. Irwin Steinberg, an orthopedic surgeon, who first saw Koval on February 15, 1973.

Koval having died in the interim, Helen Koval, his surviving spouse, testified extensively at the hearing regarding Koval's symptoms upon his return from work on February 2, 1973, and his subsequent activities leading up to his return to work on Monday, February 5, 1973. She described his pain, his consultation with Simon Marcus, M.D., his need to continue to work, and their severe financial straits.

■ The hearing officer, after hearing the testimony of Rothrock, Dr. Clymer and Mrs. Koval, and upon reviewing the file, found that Koval had not sustained his burden of proving that his injury arose out of and in the course of his employment with Sundt. Reviewing the evidence in light most favorable toward sustaining the conclusions of the hearing officer and The Industrial Commission of Arizona, Spears v. Industrial Commission of Arizona, 20 Ariz.App. 406, 513 P.2d 695 (1973); Ru-

tledge v. Industrial Commission of Arizona, 108 Ariz. 61, 492 P.2d 1168 (1972); Micucci v. Industrial Commission of Arizona, 108 Ariz. 194, 494 P.2d 1324 (1972), we hold the findings and award are supported by substantial evidence. The credibility of the witnesses and the weight to be accorded their testimony is the responsibility of the hearing officer. Royal Globe Ins. Co. v. Industrial Commission of Arizona, 20 Ariz.App. 432, 513 P.2d 970 (1973). We find no abuse of that discretion here.

■ Two other points are raised on this appeal. In August of 1973, A.R.S. § 23-943.E (Laws 1973, Ch. 133, § 21) went into effect, providing that the review of the hearing officer's initial decision theretofore made by the Industrial Commission itself (see A.R.S. § 23-943.E, Laws 1968, 4th S.S., Ch. 6, § 17) would henceforth be made by the "presiding" hearing officer. Koval urges that this statute should be construed to mean the "chief" hearing officer rather than the hearing officer who actually presided over the original hearing. We have reviewed the statutes in question and find the contention of Koval cannot be sustained. Viewing the language in light of its ordinary common meaning, State Tax Commission v. Peck, 106 Ariz. 394, 476 P.2d 849 (1970); Parise v. Industrial Commission of Arizona, 16 Ariz.App. 177, 492 P.2d 426 (1972), it is clear that the legislature meant "presiding" to refer to the hearing officer who presided over the hearing in question, and not to the "chief" hearing officer whose special status is implicitly recognized in that term elsewhere in the statutes. See A.R.S. § 23-108.02 and A.R.S. § 23-942.

■ Finally, a jurisdictional point must be addressed, even though not raised on a cross-petition for certiorari by the respondents. See Cordova v. City of Tucson, 15 Ariz.App. 469, 489 P.2d 727 (1971); Meyer v. Campbell, 13 Ariz.App. 601, 480 P.2d 22 (1971); In re Estate of McCabe, 11 Ariz.App. 555, 466 P.2d 774 (1970). Koval had died prior to the proc-

essing of the claim to its formal hearing on July 10, 1973. As of that time, Mrs. Koval had not been appointed personal representative of Koval's estate. The hearing officer's initial decision recognized this fact and included it as one of the reasons for denying the claim, pursuant to this court's decision in Reed v. Industrial Commission of Arizona, 8 Ariz.App. 479, 447 P.2d 571 (1969) vacated on other grounds 104 Ariz. 412, 454 P.2d 157 (1969). Prior to the award becoming final, the hearing officer was advised of the appointment of Mrs. Koval as the personal representative of Koval and the award was amended to so indicate. We find this procedure consonant with the court's pronouncements in Reed v. Industrial Commission of Arizona, supra, and Reel v. Industrial Commission of Arizona, 17 Ariz. App. 321, 497 P.2d 828 (1972). Consequently we find no jurisdictional defect either with the hearing or this appeal.

The award is affirmed.

STEVENS, and WREN, JJ., concur.