408 A.2d 849

COMMONWEALTH of Pennsylvania ex rel. Richard
N. DAVIS, Jr.

v.

**Laura L. DAVIS, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1979.

Filed Aug. 3, 1979.

William T. Luskus, Media, for appellant.

Charles F. Mayer, Media, for appellee.

Before PRICE, DOWLING and GATES, JJ.

GATES, Judge:

This is an appeal from orders of the court below granting custody of two minor children to their father. The mother filed this appeal. For the reasons set forth herein we vacate the orders of the lower court and remand for a new hearing and a full opinion by the hearing judge.

The parties to this appeal separated on October 26, 1976. The natural mother had custody of the minor children, subject to visitation rights on the part of the father until the orders appealed from were entered in the court below.

The record discloses that the trial judge conducted hearings on November 18 and December 14 of 1977. On the latter date the hearing judge entered an order granting custody to the father, appellee here. The mother was given visitation rights. On December 23, 1977 the hearing judge entered an additional order clarifying one aspect of the December 14, 1977 order with respect to the summer temporary custody rights of the mother. This appeal followed.

The hearing judge completed his term of office as a judge of the Court of Common Pleas of Delaware County on December 31, 1977. Consequently the opinion in support of the hearing judge's orders was written by another Common Pleas Judge of Delaware County.

Although the scope of review in this court in child custody cases is of the broadest type, our power is not without limitations. In the past we have taken great care to stress:

". . . this broader power of review was never intended to mean that an appellate court is free to nullify the fact-finding function of the hearing judge. It is a principle which runs through all our cases that the credibility of witnesses and the weight to be given to their testimony by reason of their character, intelligence, and knowledge of

the subject can best be determined by the judge before whom they appear . . ." *Commonwealth ex rel. Harry v. Eastridge,* 374 Pa. 172, 177, 97 A.2d 350, 353 (1953).

This fundamental limitation on the power of a reviewing court was articulated in *Commonwealth ex rel. Rainford v. Cirillo,* 222 Pa.Super. 591, 597–98, 296 A.2d 838, 841 (1972):

". . . we have recognized that the trial judge is in a position to evaluate the attitudes, sincerity, credibility, and demeanor of the witnesses. Because we are not in such a position, we have recognized that a trial judge's determination of custody should be accorded great weight . . . Only where we are constrained to hold that there was a gross abuse of discretion should an appellate court interfere with the decisions of the hearing judge. . . ."

It should first be noted that the hearing judge did not file an opinion in support of the custody orders. Rather a common pleas judge, not the hearing judge, wrote the lower court's opinion upholding the hearing judge's decision. While we acknowledge the opinion was ably done, it should not have been undertaken at all. The record discloses that there were serious conflicts in the testimony of the appellant and the appellee. The opinion writing judge inadvertently misstated the testimony of a principal witness called on behalf of the appellant. Not uniquely peculiar to this case, the accepted facts and the inferences that can be drawn from them depend on the credibility of the testifying witnesses. This vital function can only be determined by the judge before whom these witnesses appear.

For these reasons, we are satisfied that the orders entered below must be vacated and the matter remanded for a full hearing and a comprehensive opinion by the hearing judge, reflecting a thorough analysis of the record as a whole, including an assessment of the credibility of the witnesses. *In re Hernandez,* 249 Pa.Super. 274, 376 A.2d 648 (1977); see also *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972); *Gunter v. Gunter,* 240 Pa.Su-

per. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973).

We lament any delay occasioned by this remand. But custody orders are in themselves unique and are never final. They are subject to the constant supervision of the court so that the best interests of all minor children in this Commonwealth can be properly served.

The order of the court below is vacated and the matter remanded for further proceedings consistent with this opinion. The present custody order shall continue pending the remand and review.