NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICK DIAZ, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

UNITED CONSTRUCTION GROUP LLC, *Respondent Employer*,

COPPERPOINT WESTERN INSURANCE CO., *Respondent Carrier*.

No. 1 CA-IC 19-0034
FILED 6-23-2020

Special Action - Industrial Commission
ICA Claim No.  20173-540220
Carrier Claim No. None
The Honorable Paula R. Eaton, Administrative Law Judge
The Honorable C. Andrew Campbell, Administrative Law Judge
The Honorable Colleen Marmor, Administrative Law Judge

**AWARD SET ASIDE**

APPEARANCES

Rick Diaz, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

CopperPoint Insurance Companies, Phoenix
By Deborah E. Mittelman
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Petitioner Rick Diaz seeks review of an Industrial Commission of Arizona ("ICA") award that closed his worker's compensation claim with no permanent impairment and found he is medically stationary and his "left wrist complaints are unrelated to the subject industrial injury." During the proceedings, three different Administrative Law Judges ("ALJ") heard testimony from three witnesses, including two doctors, on four separate days over six months. In the end, the assigned ALJ found one medical expert more credible than the other, whose testimony the ALJ did not hear live. We find that under these circumstances, Diaz was denied substantial justice under the Arizona Worker's Compensation Act.

**BACKGROUND**

¶2        Diaz is a construction worker who was working on a roof for Employer United Construction Group LLC in October 2017. He fell about 10-12 feet and was injured. He initially received medical attention for injuries to his right arm and right elbow, as well as injuries to his hip and rib on his left side. He also complained about pain in his left wrist, where he had a pre-existing condition. In 2012, a metal screw had been surgically inserted into his left wrist to repair a scaphoid fracture.

¶3        Respondent Carrier CopperPoint Western Insurance Co. accepted the worker's compensation claim. In February 2018, the screw in Diaz' left wrist had loosened and needed to be removed. Dr. Lloyd Champagne, a plastic surgeon and hand specialist, surgically repaired Diaz' wrist.

¶4        Diaz alleged that he injured his left wrist as a result of the fall off the roof. CopperPoint disagreed and closed his claim effective April 2018, accepting responsibility for his other injuries but excluding the left

wrist. Diaz requested a hearing to contest the denial of responsibility for his left wrist injury.

¶5          Diaz testified in front of the judge presiding over his case, ALJ Pamela R. Eaton, on October 18, 2018. Dr. Champagne was scheduled to testify by telephone on December 11, 2018. At the outset of the proceeding on December 11, ALJ C. Andrew Campbell explained that Judge Eaton "was not able" to attend but had asked him to "serve as a courtesy judge if that is ok with the parties." Judge Campbell informed the parties that the case remained assigned to Judge Eaton, that he would only take the testimony of Dr. Champagne, and that Judge Eaton would review the transcript of Dr. Champagne's testimony before she reached her decision. Judge Campbell told the parties that Dr. Champagne's testimony would be postponed if either objected to proceeding as he had outlined. Both parties consented and the hearing went forward before Judge Campbell.

¶6          Dr. Champagne testified that Diaz visited him in February 2018, complaining about his left wrist. Dr. Champagne diagnosed a left wrist "scaphoid nonunion" with accompanying chronic arthritis and cysts. He noted it was difficult to assess how much of Diaz' condition was a result of the 2012 condition and how much resulted from the fall in October 2017. Dr. Champagne recommended the removal of the screw and a fusion of the wrist, and  performed that surgery in May 2018. He testified that the surgery was related to both the prior condition from 2012 and the 2017 fall from the roof. He admitted he formed this conclusion based primarily on Diaz' statements that his left wrist had felt fine before he fell from the roof.

¶7          The final witness, Dr. Josh Vella, an orthopedic surgeon and hand specialist who performed an Independent Medical Examination ("IME") of Diaz, was scheduled to testify on January 29, 2019. A third ALJ, Colleen Marmor, presided over the January 29 hearing.  The transcript of that hearing reveals no explanation or discussion about why she was conducting the hearing instead of Judge Eaton, aside from a single comment midway through the proceeding that she was acting as a "courtesy judge." Judge Marmor recessed the hearing before Dr. Vella completed his testimony, stating that the ICA would schedule another hearing to finish taking the evidence.

¶8          On April 25, 2019, Dr. Vella resumed his testimony, this time in person and with Judge Eaton presiding. Dr. Vella testified the left wrist injury was not related to the industrial fall but instead was the result of a preexisting condition.  Nothing was said on the record about Judge Eaton's absence from the previous hearing.

**¶9**          On May 21, 2019, Judge Eaton issued the award closing the claim based on her conclusion that Dr. Vella's testimony was more probably correct than Dr. Champagne's. In the award, Judge Eaton did not acknowledge her absences or mention that Judges Campbell and Marmor presided over two of the four hearing days. After Diaz requested review, Judge Eaton summarily affirmed the award.

**¶10**          Diaz appealed the award. Respondents simultaneously filed an answer and moved to dismiss the appeal for failure to file an opening brief that complied with Rule 13 of the Arizona Rules of Civil Appellate Procedure. We declined to dismiss this appeal.[1] On the merits, the process used by the ICA deprived Diaz of substantial justice as required by A.R.S. § 23-941. Because we set aside the award for procedural error, we do not address whether substantial evidence supports the award.

## DISCUSSION

**¶11**          In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n of Arizona*, 204 Ariz. 267, 270, ¶ 14 (App. 2003), *as corrected* (Feb. 25, 2003). When the Industrial Commission hears claims and issues awards, it acts judicially and must observe fundamental principles of justice. *Barber v. State*, 47 Ariz. 294, 297 (1936). The ICA is subject to statutory constraints and has promulgated general rules of procedure for its hearings. *See* A.R.S. §§ 23-941 through 23-954; A.A.C. R20-5-135. Industrial Commission ALJs are given latitude when conducting hearings. A.R.S. § 23-941(F) (ALJ is "not bound by common law or statutory rules of evidence or by technical or formal rules of procedure"). The goal is to achieve substantial justice. *Id.*[2]

---

[1]      Although the opening brief is unconventional and does not comply with Rule 13, we exercise our discretion not to dismiss this appeal. First, Respondents' objection to the opening brief is late. A more timely objection would have given Diaz an opportunity to cure the defects in his brief and clarify his position. Second, Diaz raises the dispositive procedural issue, however inartfully, in his "brief," and the issue is significant to the administration of justice.

[2]      "Except as otherwise provided in this section and rules of procedure established by the commission, the administrative law judge is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice." A.R.S. § 23-941(F).

¶12        The Arizona Supreme Court has applied the standard of substantial justice to overturn an ICA award in a case in which the ALJ issuing the award had not heard all the testimony. *Ohlmaier v. Indus. Comm'n*, 161 Ariz. 113 (1989). In *Ohlmaier*, an ALJ heard testimony from the claimant and one medical expert witness. *Id.* at 114. Then, a second ALJ listened to the testimony of another physician, while a third ALJ listened to the testimony from a third physician. *Id.* at 114–15. The claimant's attorney objected each time a different ALJ heard testimony, but was overruled. *Id.* at 115. As here, the physicians disagreed about whether the injury was employment-related. *Id.* The first ALJ, who had heard testimony from the claimant and one physician, reviewed transcripts of the other two physicians' testimonies and issued an award against the claimant. *Id.* On appeal, we affirmed the award, finding that substantial justice had been achieved because the truthfulness of all three expert witnesses had not been at issue; the parties conceded that each physician testified truthfully. *Id.* Our Supreme Court vacated that opinion, stating:

> Substantial justice certainly requires that one judge shall hear all conflicting evidence which may form the basis of a contested industrial award. Any evidence affecting a factual conclusion, whether appearance, demeanor, or the weight of one witness's testimony over another, should be heard by the one who is to decide the ultimate issues.

*Id.* The Court pointed out that worker's compensation law requires that any administrative review of an award be performed by the ALJ who heard the contested claim. *Id.* at 116; *see* A.R.S. § 23-943(E). This requirement demonstrates that the judge who hears the testimony should make the final decision. *Id.* at 116-17. The Court also emphasized that the ICA decision-making process is judicial and not fundamentally different from the process used by the courts in that its objective is to provide substantial justice. *Id.*

¶13        Turning to the question of "whether 'substantial justice' can be obtained when one judge decides a case without hearing all of the evidence," the Court emphasized the deference that reviewing courts give to the fact-finding by ALJs, especially concerning credibility issues. *Id.* at 117. The Court declared:

> To allow three administrative law judges to hear only parts of a litigant's claim and have only one judge reach a decision violates procedural due process no less than having three judges hear the evidence and picking the decision one likes the best.

*Id.* at 118. Noting that credibility determinations involve more than just assessment of truthfulness, the Court concluded that "the one who decides the issue should be the one who hears the evidence."[3] *Id.* In summarizing its holding, the Court concluded that "to the extent that either party exercises its right to produce live testimony, that testimony must be heard and evaluated by the same fact finder." *Id.* at 119.

**¶14**        Here, Judge Eaton heard only Diaz' testimony and part of Dr. Vella's. As with the presiding ALJ in *Ohlmaier*, she simply reviewed transcripts of all of Dr. Champagne's testimony and the majority of Dr. Vella's. As we have noted, the record does not indicate why the other two ALJs were involved, other than Judge Eaton was unavailable. We acknowledge that Judge Campbell informed the parties about how the case would proceed, and obtained permission to go forward. The next ALJ did not, however, receive any such waiver/permission. Substantial justice requires that the one resolving conflicts in the medical testimony be the one who hears and participates in taking the conflicting testimony absent an express waiver by the parties.[4]

---

[3]        The Court allowed for deviation due to necessity, but noted that the record before it showed "no compelling circumstance why three judges must hear only part of the testimony." *Id.* at 119. We can say the same about the record before us.

[4]        We need not address whether the waiver obtained by Judge Campbell would suffice as a knowing and intelligent waiver because there was not a waiver obtained by the third judge prior to the taking of testimony.

**CONCLUSION**

¶15 We hold that the process used by the ICA in this case, did not provide substantial justice. As a rule, substantial justice requires that the resolver of testimonial conflicts, for either expert or non-expert witnesses, directly hear all conflicting testimony. Because this was not done in this case, we set aside the award.

