NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LYNN KNUTSON,
*Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent,*

TRADER JOES,
*Respondent Employer*,

INDEMNITY INSURANCE CO. OF NORTH AMERICA,
*Respondent Insurance Carrier*.

No. 1 CA-IC 22-0010
FILED 4-11-2023

Special Action - Industrial Commission
ICA Claim No. 20191920010
Carrier Claim No. 1903142384WC
The Honorable Kenneth Joseph Hill, Administrative Law Judge

**AFFIRMED**

APPEARANCES

Lynn Knutson, Scottsdale
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Slavin, P.C., Phoenix
By Javier A. Puig
*Counsel for Respondent Employer and Respondent Insurance Carrier*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

**¶1**        Lynn Knutson appeals the Industrial Commission of Arizona's ("ICA") award/decision to close her workers' compensation claim for lack of permanent impairment. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        Knutson worked for Trader Joe's. In March 2019, while loading groceries into a customer's SUV, Knutson sustained a head injury when the rear hatch door came down on her head. Knutson continued working, although she had a headache, and shortly after that dropped a case of bottled water. Trader Joe's sent Knutson to urgent care, where she was diagnosed with a head contusion and concussion.

**¶3**        In the following weeks, Knutson developed speech problems, vision problems, light sensitivity, and other problems symptomatic of possible neurological impairment. She had an acquaintance who was a retired emergency room physician and medical educator, Mark Olsky, M.D., who became concerned about her condition a few weeks after the incident. Dr. Olsky conducted a medical examination and found that Knutson had sustained a significant brain injury. He referred her for further medical treatment. Knutson's workers' compensation claim was accepted.

**¶4**        In July 2019, Dr. Jody Reiser, M.D., a neurologist, conducted an Independent Medical Examination ("IME"). Dr. Reiser concluded that Knutson had reached maximum medical improvement "in regard to her neurological state" and did not have a permanent neurological impairment. The following month, Indemnity Insurance Co. of North America issued a

notice closing Knutson's claim. Knutson requested a hearing to challenge that conclusion.

**¶5** An ICA administrative law judge ("ALJ") conducted a hearing in which he reviewed Knutson's post-incident medical records as well as evaluations from several medical and psychological specialists, including three IMEs. To testify on her behalf, Knutson called Dr. Olsky, rehabilitation optometrist Roberto Esposito, O.D., clinical neuropsychologist Amy Knapp, Ph.D., and speech pathologist Teresa Brobeck, Ph.D.

**¶6** Dr. Olsky testified about his relationship with Knutson and contrasted her condition before and after the head injury. He also described his medical examination of her that led to his conclusion that she had suffered a significant brain injury. He testified that she needed ongoing active medical care.

**¶7** Dr. Esposito performed tests on Knutson and found ocular conditions consistent with post-traumatic head injury visual syndrome. Dr. Esposito attributed those conditions to the March 2019 workplace incident. He provided Knutson with vision therapy and released her from treatment in September 2020.

**¶8** Dr. Brobeck assessed Knutson's speech issues and diagnosed her with "acquired/adult-onset dysfluency." Dr. Brobeck declined to offer an opinion as to the cause of that condition.

**¶9** Finally, Dr. Knapp performed neuropsychological evaluations of Knutson in 2019 and 2021. In 2019, Dr. Knapp noted that Knutson's symptoms were consistent with post-concussion syndrome. In 2021, Dr. Knapp believed Knutson had improved, and that any cognitive injury had resolved. In Dr. Knapp's opinion, Knutson's injuries were a result of the workplace incident. Dr. Knapp could not identify a neuropsychological explanation for the ongoing problems Knutson described, but thought other medical professionals should consider a diagnosis of somatoform disorder.

**¶10** Trader Joes/Indemnity called several specialists to testify: J. Michael Powers, M.D., a neurologist; James Youngjohn, Ph.D., a neuropsychologist; John Walker, Psy.D., a neuropsychologist who had provided supportive treatment to Knutson in 2019, and Dr. Reiser.

**¶11** Dr. Powers performed an IME in October 2020. He testified there was no evidence that the head injury Knutson sustained from the

incident caused any physical damage that would account for her ongoing complaints. He found no organic basis for her reported symptoms.

¶12        Dr. Youngjohn also performed an IME in October 2020.  He diagnosed Knutson with a somatoform disorder – specifically conversion disorder with neurological manifestations. He did not relate her condition to the workplace injury.

¶13        Dr. Reiser performed an IME in 2019 and wrote addendums for that examination in both 2019 and 2020. Dr. Reiser stated that Knutson's presentation was nonorganic and possibly psychiatric. Dr. Reiser denied any continuing neurological injury from the workplace incident. She also suspected a somatoform disorder.

¶14        Finally, the ALJ noted that Dr. Walker did not test Knutson but assessed her so that he could provide supportive care. The ALJ found that Dr. Walker concluded Knutson suffered from a somatoform disorder and that her symptoms were psychological.

¶15        The ALJ weighed the evidence and found the opinions of Trader Joe's/Indemnity's specialists "more probably correct and well founded." He concluded that Knutson "did not sustain a psychological/neuropsychological injury as a result of the industrial incident," and that by August 2019, Knutson was medically stationary and the claim was properly closed with no permanent impairment. Knutson requested administrative review, which was denied without further comment. This statutory special action review followed.

## DISCUSSION

¶16        In her briefs, Knutson primarily argues the ALJ improperly weighed the testimony and evidence. She also argues the ALJ erred by denying her requested rebuttal evidence. Finally, she argues the ALJ failed to make adequate findings of fact. We address each argument in turn.

*I.        Competing Witness Testimony*

¶17        In reviewing findings and awards of the ICA, we defer to the factual findings of the ALJ but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003) (as amended). We consider the evidence in the light most favorable to upholding the ALJ's award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002), and will not disturb the ALJ's findings unless the conclusions cannot be "supported on any reasonable theory of evidence." *Phelps v. Indus. Comm'n*,

155 Ariz. 501, 506 (1987). To prevail on appeal, Knutson must show that no reasonable evidence exists in the record to support the ALJ's findings and that the ALJ's choice between possible inferences was wholly unreasonable. She has not done so.

**¶18** Knutson's arguments about the weight to give the evidence, including her attempts to impeach certain witnesses and argue the superiority of other witnesses' credentials, are essentially requests for us to re-weigh the evidence, which we will not do. *See Simpson v. Indus. Comm'n*, 189 Ariz. 340, 342 (App. 1997) (appellate courts do not re-weigh the evidence). We also will not consider on appeal evidence that the ALJ did not have as part of the record. At the end of her amended opening brief, Knutson recites a multi-page statement from Dr. Olsky, intended to rebut the testimony of Dr. Youngjohn. But that multi-page statement was not part of the record before the ALJ. Our task is to determine whether the record supports the ALJ's award. We conclude that it does.

*II.     Rebuttal Testimony*

**¶19** At the last hearing session, which included the continuation of Dr. Youngjohn's testimony, Knutson's counsel requested that Dr. Olsky attend the session and submit rebuttal testimony afterward. Counsel stated that rebuttal was necessary because Knutson bore the burden of proof and because Dr. Youngjohn was testifying beyond his expertise, making unwarranted conclusions. The ALJ denied rebuttal, but Dr. Olsky was allowed to listen to Dr. Youngjohn's testimony. Knutson argues on appeal that the ALJ erred by denying her request for rebuttal testimony from Dr. Olsky. We disagree.

**¶20** Knutson's argument is based on an alleged procedural error. Section 23-941(F) provides that the ALJ "is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice." A.R.S. § 23-941(F). Thus, the procedural standard is substantial justice. *See Ohlmaier v. Indus. Comm'n*, 161 Ariz. 113, 117 (1989) (noting that the objective of an ICA hearing is substantial justice). We cannot conclude that Knutson was denied substantial justice by being denied admission of Dr. Olsky's rebuttal testimony. As the ALJ noted to Knutson's counsel, the ALJ can determine whether an expert witness is opining beyond their area of expertise and consider that when weighing the evidence. Knutson has shown no error.

*III.*     *Lack of Factual Findings*

**¶21**          Finally, Knutson argues the ALJ did not make the required findings of fact to support his award. But an ALJ's lack of findings does not necessarily invalidate an award, so long as this court can determine the factual basis for the ALJ's legal conclusions. *See Post v. Indus. Comm'n*, 160 Ariz. 4, 7 (1989). Regardless, because Knutson's argument was first raised in her reply brief, she has waived it on appeal. *Wasserman v. Low*, 143 Ariz. 4, 9 n. 4 (App. 1984) (considering issue first raised in a reply brief to be abandoned on appeal).

## CONCLUSION

**¶22**          The record contains substantial evidence to support the ICA's award/decision. The award is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA