497 P.2d 828

**Helen R. REEL, Deceased Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent, Desert Convalescent Center, Respondent Employer, State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 650.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 6, 1972.

Rehearing Denied June 30, 1972.

Review Denied Sept. 12, 1972.

Lawrence Ollason, Tucson, for deceased petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, Robert K. Park, Chief Counsel State Compensation Fund by J. Victor Stoffa, Phoenix, for respondent employer and respondent carrier.

EUBANK, Judge.

We issued our writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission terminating the deceased petitioner's benefits.

■ Following the filing of the opening brief, the respondent carrier and respondent employer joined in a motion to quash the writ and dismiss the petition on the basis that no personal representative had been substituted in the case on behalf of the deceased petitioner, and consequently there was no person with the legal *authority* to petition this Court for the writ on the

deceased petitioner's behalf within the 30-day jurisdictional period required by A.R.S. § 23–951.[1] Deceased petitioner's attorney of record signed the petition on her behalf. Petitioner's only response to the motion is that under A.R.S. § 14–477 the attorney of record in a Workmen's Compensation case is the personal representative of a deceased petitioner. No legal authority is cited in support of this proposition.

A.R.S. § 14–477 reads as follows:

"§ 14–477. Action by or against personal representative; survival of causes of action

Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed."

The personal representatives referred to in § 14–477 are those designated as the various types of personal representatives in Chapter 4, Title 14, A.R.S., of our probate code, and attorneys of record, as such, are not included within the statutory categories designated. The proper method to substitute a personal representative for a claimant in a compensation case is illustrated in Reed v. Industrial Commission, 104 Ariz. 412, 454 P.2d 157 (1969). In Reed our Supreme Court held that A.R.S. § 14–477 was applicable to a Workmen's Compensation case and that the substituted personal representative has the standing to "pursue claims for compensation that the injured employee could have pursued had he lived." The question of whether the failure to have a personal representative appointed would defeat review was not discussed.

Respondents allege that A.R.S. § 12–504 is controlling, but it merely tolls the applicable statute of limitations in favor of a decedent for one year pending the appointment and qualification of a personal representative. Here the claim was filed and the matter was before the Commission prior to claimant's death; consequently, the Commission had jurisdiction over the claim.

We believe that the question is answered by A.R.S. § 23–951, subsec. B which, in part, provides: ". . . The court of appeals may quash or dismiss the writ of certiorari upon the grounds of dismissal applicable to civil appeals." The death of a party before a civil appeal is filed is governed by Rule 73(t), par. 1, Rules of Civil Procedure, 16 A.R.S., which states:

"If a party entitled to take an appeal dies, the appeal may be taken by his personal representative within ninety days after the death of the party."

This rule merely incorporates the requirements of Rule 25(a) and (b) of the Rules of Civil Procedure.

Although The Industrial Commission is not ordinarily bound by the Rules of Civil Procedure, Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172 (1965); Transcontinental Bus System, Inc., v. Industrial Commission, 71 Ariz. 209, 225 P.2d 701 (1950), (both cases interpreting A.R.S. §§ 23–922 and 23–942), in our opinion the language of A.R.S. § 23–951, subsec. B, was intended to make Rule 73(t), Rules of Civil Procedure, applicable to Workmen's Compensation review.

Since no personal representative has been substituted on behalf of the deceased petitioner, the petition for the writ was void and respondents' motion to quash the writ and dismiss the petition is granted.

HAIRE, C. J., and JACOBSON, J., concur.

---

1. Petitioner died on April 28, 1970, while the award, on review, was made on April 21, 1971, almost a year later.