949 P.2d 969

Antonio H. HEREDIA, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Discovery West Ranches/Ken Sheely Ranches, Partners, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. CV–97–0161–PR.

Supreme Court of Arizona, En Banc.

Dec. 9, 1997.

As Corrected Jan. 14, 1998.

J. Stanley Edwards, Phoenix, for Antonio H. Heredia.

Anita R. Valainis, Chief Counsel, Phoenix, Industrial Commission of Arizona.

Moore, Thomas & Lucas by Joseph L. Moore, Phoenix, for Discovery West Ranches, Ken Sheely Ranches, Partners, and State Compensation Fund.

OPINION

MARTONE, Justice.

This case requires us to explore the interplay among the Rules of Procedure for Special Actions, the Rules of Civil Appellate Procedure, and the Rules of Civil Procedure in a case in which an injured worker dies

before the Industrial Commission makes an award. The court of appeals dismissed the worker's petition for special action. We reinstate it.

## I. Procedural Background

This is a workers' compensation case. The injured worker, Antonio Heredia, died on February 18, 1996, while his claim was pending in the Industrial Commission. The Commission entered its final award on March 12, 1996. An administrative law judge affirmed the award against Heredia on June 24, 1996. On July 24, 1996, Heredia's lawyer filed a timely petition for special action in the court of appeals under A.R.S. § 23–943(H) and § 23–951 seeking review of the Industrial Commission award. The petition noted that Heredia had died and as a result the employer and carrier moved to dismiss. They argued that because Heredia's lawyer failed to substitute a personal representative for ·Heredia in the Industrial Commission, the petition for special action was defective. Heredia's lawyer promptly obtained appointment of a personal representative, filed a statement of fact of death and moved for substitution. The court of appeals entered an order denying the motion to substitute and granting the motion to dismiss in reliance upon *Reel v. Industrial Commission,* 17 Ariz.App. 321, 497 P.2d 828 (1972). Believing that *Reel v. Industrial Commission was.* wrongly decided, we granted review. Rule 23(c)(4), Ariz. R. Civ.App. P.

## II. The Rules and Death

■ Industrial Commission awards are reviewable as a matter of right under Rule 10, Ariz. R.P. Spec. Act. A.R.S. § 23–951 (1995). Because Rule 10 does not expressly address the question of the death of a party, the Arizona Rules of Civil Appellate Procedure apply. Rule 10(k), Ariz. R.P. Spec. Act. But the Rules of Civil Appellate Procedure do not squarely address the question of death that occurs while a proceeding is pending below. Rule 9(a), Ariz. R. Civ.App. P., provides that "[i]f a party dies during the time he is entitled to take an appeal, the appeal may be taken by his personal representative within 90 days after the death of the party." But a

party who dies before judgment in the superior court or before an award in the Industrial Commission is not a party "entitled to take an appeal," and thus Rule 9(a) does not apply. To the extent that *Reel v. Industrial Commission,* 17 Ariz.App. at 321, 497 P.2d at 828, held otherwise, it was simply wrong and is hereby overruled. The court in *Reel* failed to distinguish between the death of a party "entitled to take an appeal" and the "death of a party before a civil appeal is filed." 17 Ariz.App. at 322, 497 P.2d at 829. The category of parties who die before a civil appeal is filed is much broader and includes parties who die before final judgment or award. Rule ʹ9(a), Ariz. R. Civ.App. P., only expands from 30 days to 90 days the time within which a notice of appeal must be filed where death occurs within the original 30 days. That did not happen here.

Nor does Rule 27(a), Ariz. R. Civ.App. P., apply. It provides for substitution where "a party to an appeal dies while the appeal is pending." But a party who dies before an award in the Industrial Commission or before final judgment in the superior court is not a party who dies while the appeal is pending.

■ The Rules of Civil Appellate Procedure simply do not address the question of death in the forum below before final judgment or award, and, therefore, such a death cannot constitute "grounds of dismissal applicable to civil appeals" that would authorize the court of appeals to dismiss a petition for special action under Rule 10(g), Ariz. R.P. Spec. Act.

If the Rules of Civil Appellate Procedure do not address the question of death before an award, one would expect that the rules of the Industrial Commission might. The parties, however, have cited us to no such rule and our own independent review of those rules suggests that no such rule exists. In contrast, Rule 25(a), ·Ariz. R. Civ. P., does address the question of death before final judgment in a civil action. That rule allows for the substitution of the proper parties when a party dies while the action is pending. But it is a formal suggestion of death upon the record, rather than the time of death, that triggers a deadline for the filing

of the motion for substitution. The rule provides that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." But no affirmative duty exists to suggest death on the record. Any party may do so if the party wants to limit the time within which another may make the motion to substitute. Rule 25(a), Ariz. R. Civ. P., State Bar Comm. Notes 1963 Amend.[1]

Rule 25(a), Ariz. R. Civ. P., applies expressly to civil actions, not to proceedings in the Industrial Commission. We believe that in the absence of a specific Industrial Commission rule that addresses the question of death before award, Rule 25(a) should apply. This is so because under Rule 10(k), Ariz. R.P. Spec. Act., the Arizona Rules of Civil Appellate Procedure apply to judicial review of Industrial Commission awards. But the Arizona Rules of Civil Appellate Procedure were written for appeals from civil actions to which Rule 25(a) would directly apply. Therefore, unless and until the Industrial Commission Rules address the question, it makes sense for us to adopt Rule 25(a) for proceedings in the Industrial Commission. In this case, no one filed a suggestion of death on the record in the Industrial Commission and thus the time to file a motion for substitution was never triggered. We note that Heredia's lawyer did file a suggestion of death on the record in the court of appeals but, as earlier stated, Rule 27(a)'s suggestion of death on the record requirement applies only to parties who die "while the appeal is pending."

This case affords us no opportunity to consider other possible consequences that might arise from the failure to substitute a personal representative in the proceeding below. We hold only that no rule authorizes the court of appeals to dismiss a petition for special action for the failure to substitute a personal representative for the decedent in the Industrial Commission where death occurs before the award.

### III. Conclusion

The order of the court of appeals dismissing the petition for special action is vacated and this case is remanded to the court of appeals for review of the Industrial Commission award under Rule 10. Our opinion identifies two procedural gaps relating to the death of a party. There is a gap in the Industrial Commission Rules for death before award. There is also a gap in the Arizona Rules of Civil Appellate Procedure regarding substitution of parties on appeal where substitution was not made below under Rule 25(a), Ariz. R. Civ. P., and where death occurs before judgment or award. We shall begin the process under Rule 28, Ariz. R. Sup.Ct., to address these gaps.

ZLAKET, C.J., JONES, V.C.J., and FELDMAN and MOELLER, JJ., concur.

---

1. Although a timely motion to substitute "will ordinarily be granted ... it may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if the suggestion of death is not made or is delayed— and circumstances have arisen rendering it unfair to allow substitution." Rule 25(a), Ariz. R. Civ. P., State Bar Comm. Notes 1963 Amend. A party thus would be wise to act promptly after death occurs.